PER CURIAM.
This proceeding is before the Court for consideration of the report of a referee specially assigned to determine issues of restitution and assessment of costs. Neither party challenges the referee’s report.
This proceeding was initiated by the respondent’s filing of a petition for leave to resign from The Florida Bar. There were a number of disciplinary proceedings and grievance investigations pending at the time of the filing of the petition for leave to resign. We granted the petition for leave to resign, subject to certain conditions. The Florida Bar v. Kyle, 516 So.2d 254 (Fla. 1987).
In respondent’s petition for leave to resign, he agreed to conditions as follows:
5. Petitioner will take whatever steps necessary to return to his clients any unearned fees, unexpended cost deposits, and any other funds or property belonging to said clients on the effective date of his resignation.
6. Petitioner agrees to cooperate with any Clients’ Security Fund investigation and to reimburse The Florida Bar Clients’ Security Fund for any claims paid to his clients by said fund, without waiving his right to challenge the legitimacy of such claims during the pendency of the investigation.
7. Petitioner agrees to make restitution to certain clients as follows:
1. Petitioner agrees to reimburse Mr. Raymond Brady for the $200.00 paid to Petitioner by Mr. Brady as a cost deposit.
2. Petitioner agrees to pay to Mr. George Smith $2,600.00 which was previously paid by Mr. Smith to Petitioner as a retainer.
3. Petitioner agrees to pay to Mr. John L. Davis $266.67, to Mr. James Tyson $266.67, and to Mr. Rudolph Williams $266.67 for monies paid to Petitioner by them as a retainer.
8. Petitioner recognizes that other clients mentioned in this petition may be entitled to restitution for monies paid representing unearned fees, unexpended cost deposits, or funds and/or property belonging to the clients. Petitioner therefore agrees to allow a judicial referee to be appointed by this Court to determine whether said clients are entitled to restitution by Petitioner, and the amount of restitution, if any.
9. Petitioner agrees to submit any disputes over the amounts of costs assessed against him pursuant to Rule 3-7.5, Rules of Discipline, to a judicial referee to be appointed by this Court.
In our opinion granting leave to resign, we reserved jurisdiction to appoint a referee to consider and report on the matters of restitution and costs.
On the matter of restitution, the referee found that respondent should be required to pay the amounts of restitution respondent agreed to in paragraph seven of his petition for leave to resign (quoted above). In addition, the referee found that respondent had agreed to provide representation to Ms. Vemita Melton Thomas in her effort to regain an automobile that had been repossessed. Respondent filed a re-plevin action, but failed to prosecute the matter. The client did not regain possession of the automobile. The referee found that the automobile was worth $2700 and concluded that respondent should pay Ms. Thomas $2700. Respondent does not contest the findings or the recommendation.
*920 We approve the referee’s report and recommendation on the matter of restitution. Accordingly, we order Walter Benjamin Kyle to pay the amount of $200.00 to Raymond Brady; the amount of $2,600.00 to George Smith; the amount of $266.67 to John L. Davis; the amount of $266.67 to Rudolph Williams; the amount of $266.67 to James Tyson; and the amount of $2700.00 to Vernita Melton Thomas.
On the matter of costs, the referee recommends that respondent be assessed the costs of several disciplinary proceedings that were pending at the time of resignation. The referee found the amounts of such costs based on the statements of costs submitted by The Florida Bar. Before the referee respondent only contested the amount claimed for the hourly compensation and travel expenses of a Florida Bar auditor in connection with an investigation of respondent’s trust account transactions. The amount submitted in connection with this item was $5,040.56. The referee found that the audit was justified and that the costs were reasonable and properly taxable against respondent. No challenge is made to the referee’s report on review. We therefore adopt the referee’s recommendation that costs be taxed against respondent in the total amount of $13,093.41. Judgment is entered against Walter Benjamin Kyle for costs in the amount of $13,093.41, for which sum let execution issue.
It is so ordered.
EHRLICH, C.J., and OVERTON, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.
McDONALD, J., dissents.